UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTIAGO FLORES, et al.,

    Plaintiffs,

v.

MCKESSON CORPORATION, et al.,

    Defendants.

Case No. 13-cv-03153-JST

**ORDER STAYING ACTION PENDING JPML ACTION; DENYING MOTION TO REMAND WITHOUT PREJUDICE**

Re: MDL No. 1871

    Before the Court is Defendant's motion to stay all proceedings pending action by the Judicial Panel on Multidistrict Litigation ("JPML"). ECF No. 14. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and without the necessity of a reply brief.[1] The Court therefore VACATES the hearing currently scheduled for September 5, 2013.

    The Court's power to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether a stay is warranted pending transfer by the JPML, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., Case No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted)).

---

[1] The Court strongly discourages Plaintiffs' counsel from using words like "inane" to describe an opponent's argument, or accusing the courts in a district of "a complete abuse of judicial discretion" because of the timing of their past orders, in future filings with this or any other Court. ECF No. 16, at 4:4, 5:4-5.

The Court finds that the factors weigh in favor of staying these proceedings. In particular, the potential prejudice to Plaintiffs is only a delay that could turn out to be unnecessary if the case is not transferred. But the JPML's decision is likely to be issued shortly. By contrast, not issuing a stay will expose Defendant to the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact pending in multiple cases.

Plaintiffs are incorrect that the Court must first consider the merits of their just-filed motion to remand, ECF No. 15, before issuing a stay. While some courts engage in such an inquiry, the "Ninth Circuit has not expressly adopted this approach." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). In any case, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." Id.

Plaintiffs' motion to remand involves the allegedly fraudulent joinder of Defendant McKesson, and this case's removability as a collective action. These are common themes that will recur in the multidistrict proceeding. The "existence of other cases with similar jurisdictional questions weighs strongly in favor of staying the proceedings." J.W. v. Pfizer, Inc., Case No. 13-CV-00318-YGR, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013). "Allowing the MDL judge to address these issues simultaneously promotes 'uniformity, consistency, and predictability.'" Id. (quoting Couture, 2012 WL 3042994, at *2). See also In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."); In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (transferring cases; noting that "remand motions can be presented to and decided by the transferee judge")).

For the foregoing reasons, this action is STAYED pending further order of the Court. Should the JPML deny a request to consolidate this action with the MDL proceedings, Defendant is hereby ORDERED to file a motion to consider whether to lift the stay within three days of that order.

/ / /

/ / /

Because of the stay, Plaintiffs' motion to remand is DENIED WITHOUT PREJUDICE, and Plaintiffs have leave to re-file it if the case is not transferred.

**IT IS SO ORDERED**.

Dated:  August 2, 2013

_____
JON S. TIGAR
United States District Judge